IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. TAURO, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ASSET ACCEPTANCE, NORTHLAND GROUP, ) <br> MERCANTILE ADJUSTMENT BUREAU, and ) <br> ASSET MANAGEMENT PRO, ) <br> ) <br> Defendants. ) | Civil Action No. 2:12-cv-00418 <br><br> Judge Mark R. Hornak |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff John J. Tauro (the "Plaintiff"), appearing *pro se*, brings the instant civil action against Asset Acceptance, Northland Group, Mercantile Adjustment Bureau, and Asset Management Pro (collectively, the "Defendants"), for alleged violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g; the Fair Credit Reporting Act, 15 U.S.C. 1681(b); and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.4.[1] Currently pending before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 1). For the following reasons, the Court will grant the motion, and, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), dismiss the action without

---

[1] In the Complaint, the Plaintiff asserts a claim under 73 P.S. § 2270.4, titled "Unfair or deceptive acts or practices," and labels it as the Pennsylvania Unfair Trade Practices and Consumer Protection Law. However, this section of the Trade and Commerce article is properly referred to as the Fair Credit Extension Uniformity Act. See 73 P.S. § 2270.1 et seq. That said, if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice in violation of the Fair Credit Extension Uniformity Act, it also constitutes a violation of the Unfair Trade Practices and Consumer Protection Law. *See* 73 P.S. § 2270.5; compare *Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 466 (E.D. Pa. 2008) with *Van Veen v. AT&T Corp.*, No. 10-1635, 2011 WL 4001004, at *6 (E.D. Pa. 2009).

1

prejudice – and with leave to amend – for failure to state a claim upon which relief may be granted.

I.

Our Court of Appeals has instructed the district courts to conduct a two-step analysis when considering applications for IFP status. *See Roman v. Jeffes*, 904 F.2d 192, 194, n.1 (3d Cir. 1990). The court is to consider the moving party's financial status and determine, based upon economic criteria alone, whether IFP status should be granted, and then consider whether the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *Id.* (establishing that the court assesses complaint for frivolousness under 28 U.S.C. 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 28 U.S.C. § 1915(d) with 28 U.S.C. §1915(e), adding bases of review). It is within the sound discretion of the district courts whether to grant or deny IFP status. *See U.S. v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971). The Plaintiff's motion states that he is not incarcerated. However, the Third Circuit has held that the provisions of 28 U.S.C. § 1915 apply to all IFP complaints, not simply those filed by prisoners. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114, n.19 (3d Cir. 2002).

Tauro's IFP motion also states that he is currently unemployed. Nevertheless, the Plaintiff collects at most $1647.00 per month ("$562.00 x2" + $523.00) in unemployment and social security benefits. At this time, Plaintiff purports to have $300.00 in either a checking account or savings account, owns a 1999 Ford Escort, and has approximately $1345.00 in regular monthly expenses (Rent: $605.00; Utilities: $250.00; Insurance: $50.00; Student Loan: $240.00; Miscellaneous (food, transportation, etc.): $200.00). The Plaintiff's regular monthly

expenses nearly exceed his reported household income, and, therefore, the Court is satisfied that the Plaintiff has made a sufficient showing of indigence. Thus, based on economic criteria alone, the motion for IFP status is granted.

## II.

When a party wishes to proceed in an IFP capacity, the court "shall dismiss the case at any time if it determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This rule parrots the standard the Court applies in ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In considering a dismissal under Rule 12(b)(6), federal courts require notice pleading, as opposed to the heightened standard of fact pleading. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

Building upon the landmark United States Supreme Court decisions of *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Court of Appeals for the Third Circuit recently explained that a district court must take three steps to determine the sufficiency of a complaint:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3)

3

> looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1947, 1950) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *See Iqbal*, 129 S. Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive dismissal. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. App'x 774, 776 (3d Cir. 2009). In short, the court should not dismiss a case if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 213. In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1997).

### III.

In the Complaint (ECF No. 1-1), the Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"); the Fair Credit Reporting Act, 15

U.S.C. 1681(b) ("FCRA"); and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.4 ("FCEUA"). Specifically, the Plaintiff claims that the Defendants: (1) initiated credit checks (i.e., credit pulls) without a permissible purpose, which lowered the Plaintiff's credit rating; and (2) engaged in the collection of a non-existent debt. According to the Plaintiff, this alleged conduct took place sometime in 2010 and 2011. (ECF No. 1-1, Compl. ¶ 1.)

As to the Plaintiff's FDCPA claim, the Court concludes that the Plaintiff fails to state a claim upon which relief may be granted. The Plaintiff brings his FDCPA claim pursuant to 15 U.S.C. § 1692g. Under that statute, there are two avenues by which a consumer can bring suit against a debt collector for failure to validate the proposed debt. First, § 1692g(a) requires a debt collector to provide, either in the initial communication with a consumer (in connection with the collection of any debt) or a validation notice within five (5) days of such communication, the following information to put the consumer on notice of the debt being collected: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that the debtor may disrupt the debt's validity within thirty (30) days of receipt of the communication; (4) a statement that if the debtor does dispute the debt within thirty (30) days, the debt collector shall send the debtor a verification of the debt or a copy of a judgment entered against him; and (5) a statement that if requested within the thirty (30) day period, the debt collector will send to the debtor the name and address of the original creditor if different from the current creditor. *See* 15 U.S.C. § 1692g(a)(1)-(5), *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 401 (E.D. Pa. July 24, 2008). The Plaintiff does not allege that, nor does he aver facts to suggest that, the Defendants provided (or failed to provide) either an initial communication or validation notice containing the information required by law. In order to state a valid FDCPA claim, the Plaintiff must do so. Instead, the Plaintiff simply states in nearly every paragraph of the Complaint that

each of the Defendants was "engaged in the collection of a non-existent debt in violation of the FDCPA." As the applicable legal standard requires, even if taken as true, such a conclusory assertion is inadequate to show a "plausible claim for relief" under *Iqbal*.

The other avenue that a plaintiff may take in an action pursuant to 15 U.S.C. § 1692g is subsection (b), which requires the debt collector to cease collection of the debt until the debt collector obtains verification of the debt or a copy of the judgment (or the name and address of the original creditor) and mails such information to the consumer. *See* 15 U.S.C. § 1692g(b). In order to bring a cause of action under this provision of the statute, a plaintiff must set forth facts to establish that: (1) he sent a writing to the debt collector disputing the debt, and thus triggering the verification requirements; (2) the debt collector's response did not satisfy the verification requirements; and (3) that any post-dispute activity by the debt collector amounted to prohibited debt collection activity. *See* 15 U.S.C. § 1692g(b), *Peterson v. Portfolio Recovery Associates, LLC*, 430 Fed. App'x 112, 116 n. 3 (3d Cir. 2011). Again, the Plaintiff, in his five paragraph complaint, is unable to satisfy the *Twombly/Iqbal* pleading standard to support his FDCPA claim. Here, he makes no mention of any writing from him to any of the Defendants that disputes a debt or any other communication from a defendant that qualifies as prohibited debt collection activity under 15 U.S.C. § 1692g. Therefore, the FDCPA claim, to the extent the Plaintiff asserts such a claim, is dismissed without prejudice. The Plaintiff has leave to amend the Complaint with sufficient facts to support such a claim within thirty (30) days of the date of the Order that follows.

Under the FCEUA, the Plaintiff likewise fails to state a claim upon which relief can be granted. The Pennsylvania FCEUA "establishes what shall be considered . . . unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2. The statute applies

both to debt collectors and creditors. *See* 73 P.S. § 2270.4(a) and (b). If a debt collector violates any provision of the FDCPA, such a violation constitutes an unfair or deceptive debt collection act or practice under the FCEUA. 73 P.S. § 2270.4(a). If a creditor violates any of the subsections under 73 P.S. 2270.4(b), it constitutes an unfair or deceptive debt collection act or practice. Those subsections generally cover three types of acts: (1) a communication; (2) false representations, deceptive acts, or abusive conduct, including the use of threats or profane language; and (3) the collection, solicitation, or charging of money related to the collection – or an attempt to collect – a debt. The Court will address each of these in turn.

The Plaintiff does not identify a single communication made by the Defendants, either to him or any other person, regarding the collection of the alleged non-existent debt. *See Garczynski v. Countrywide Home Loans, Inc.*, 656 F.Supp.2d 505, 575 (E.D. Pa. 2009). To the extent the act of obtaining a credit report from a credit reporting agency constitutes a communication in connection with the collection of a debt under 73 P.S. § 2270.4(b)(3), the Plaintiff provides no factual support for the claim that the credit pulls were in connection with the collection of a debt. The Plaintiff further fails to provide any facts detailing the circumstances surrounding each credit report obtained by the Defendants. Finally, with respect to the remainder of the prohibited acts under the FCEUA, Plaintiff does not allege that the Defendants made false representations, engaged in abusive conduct, used threats or profane language, or attempted to collect, solicit, or charge any amount of money in collecting (or attempting to collect) a debt. In order to state such a claim, the Plaintiff must file an Amended Complaint setting forth such necessary factual support.

The Plaintiff likewise fails to meet the pleading standard necessary to state a claim under the FCRA. In the Complaint, the Plaintiff alleges that each of the Defendants initiated credit

7

pulls (i.e., requested and obtained the Plaintiff's consumer credit report) without permissible purpose in violation of 15 U.S.C. § 1681b. (ECF No. 1-1, Compl. ¶¶ 1-5). The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA. *See Huertes v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011); *Cole v. U.S. Capital*, 389 F.3d 719, 731 (7th Cir. 2004); *Cappetta v. GC Servs. Ltd. P'ship*, 654 F. Supp. 2d 453, 457 (E.D. Va. 2009); and 15 U.S.C. § 1681b(f), § 1681n(a). Under 15 U.S.C. § 1681(a), a credit reporting agency may only furnish a consumer report: (1) in response to a court order or grand jury subpoena; (2) in accordance with written instructions from the consumer to whom it relates; or (3) to a person which the credit reporting agency has reason to believe –

> (a) intends to use the information in connection with a credit transaction involving the consumer and the extension of credit to that consumer;
>
> (b) intends to use the information for employment purposes;
>
> (c) intends to use the information in connection with the underwriting of insurance involving the consumer;
>
> (d) intends to use the information related to a determination the consumer's eligibility, based on financial responsibility or status, for a license or other benefit granted by a governmental unit;
>
> (e) intends to use the information (as a potential investor, servicer, or current issuer) related with a valuation of an existing credit obligation; or
>
> (f) otherwise has a legitimate business need for the information –
>
>> (i) in connection with a business transaction initiated by the consumer; or
>>
>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(1)-(3). Other permissible purposes include: (1) executive departments and agencies requesting information related to the issuance of government-sponsored travel charge cards; (2) a request by the head of a state or local child support enforcement agency; (3) an agency making a request in connection with administering a plan under 42 U.S.C. § 654 to set or modify a child support award; and (4) a request by the Federal Deposit Insurance Corporation or the National Credit Union Administration in carrying out their duties related to the resolution or liquidation of a failed or failing insured depository institution or credit union. *See* 15 U.S.C. § 1681b(a)(3)(G)-(a)(6). In order to survive dismissal, the Plaintiff must allege, with sufficient factual support, that the Defendants willfully obtained his credit report without having a purpose to review it. *Huertas v. U.S. Dept. of Educ.*, 1:08-cv-03959, 2009 WL 3165442, at *9 (D. N. J. Sept. 28, 2009) (citing *Cappetta*, 654 F. Supp. 2d at 461). In other words, the [c]omplaint must allege facts sufficient to demonstrate that [the Defendants] should have known either that it did not intend to use the credit report in connection with a credit transaction involving [the Plaintiff] or involving . . . the collection of an account of [the Plaintiff]." Id. Here, the Plaintiff merely alleges conclusory accusations that the Defendants obtained his credit report without permissible purpose which, as stated above, do not enjoy a presumption of truth. *See Malleus*, 641 F.3d at 563. The Complaint is devoid of any facts describing, with some modicum of specificity, when these "credit pulls" took place or discounting the relationship, if any, between the Plaintiff and the Defendants. Finally, the Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim.

After review of the petition for IFP status and the Complaint, the Court concludes that: (1) the pending Motion to Proceed IFP, as filed, is granted; and (2) the Complaint fails to state a claim upon which relief may be granted under the FDCPA, FCRA, FCEUA (and, therefore, the PUTPCP). Under the rule of *Denton v. Hernandez*, 504 U.S. 25, 34 (1992), and *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002), each holding that where a complaint can be remedied by amendment, this Court must allow leave to amend, the Court hereby dismisses the Complaint without prejudice and with leave to amend. If Plaintiff desires to do so, he must file his Amended Complaint within thirty (30) days of this date, setting forth in sufficient detail the facts necessary to support his claims, as more fully set forth in this opinion.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: June 20, 2012

cc: John J. Tauro