IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| JOHN J. TAURO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-cv-00418 |
| v. ) | |
| ) | Judge Mark R. Hornak |
| ASSET ACCEPTANCE, NORTHLAND GROUP, ) | |
| MERCANTILE ADJUSTMENT BUREAU, and ) | |
| ASSET MANAGEMENT PRO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff John J. Tauro (the "Plaintiff"), appearing *pro se*, brings the instant civil action against Asset Acceptance, Northland Group, Mercantile Adjustment Bureau, and Asset Management Pro (collectively, the "Defendants"), for alleged violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g (the "FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. 1681(b) (the "FCRA"); and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.4 (the "PFCEUA"). Currently pending before the Court is the Plaintiff's Motion to Strike Northland Group's Answer. ECF No. 10. Upon consideration of the motion and Northland Group's response in opposition thereto, and for the reasons that follow, the Court will deny the motion

The Plaintiff initiated this civil action by filing a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. The Court, by Memorandum Opinion and Order dated June 20, 2012, granted Plaintiff's motion, but dismissed the Complaint without prejudice for failure to state a

claim in accordance with its review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ECF Nos. 2, 3. On June 28, 2012, the Plaintiff filed an Amended Complaint against the Defendants, again alleging that they pulled his credit reports without permissible purpose in violation of the FDCPA, the FCRA, and the PFCEUA. ECF No. 4. At that time, the Clerk of Court issued a summons for each of the Defendants.[1] Northland Group was served with the Amended Complaint on July 3, 2012 by certified mail. ECF No. 24 at 1. On July 27, 2012, Northland Group filed its Answer to the Amended Complaint. ECF No. 8. The Plaintiff filed the pending motion and a brief in support thereof on July 30, 2012, ECF Nos. 10, 14, and Northland Group filed its response in opposition and a supporting brief on August 13, 2012. ECF Nos. 23, 24. The motion, having been fully briefed, is ripe for disposition.

Defendant raises several arguments in the pending motion, namely that: (1) Northland Group filed an untimely answer and is therefore in default; (2) counsel for Northland Group filed responsive pleadings for defendants named in the action that they do not represent; (3) Plaintiff attempted to contact Northland Group on several occasions to attempt settlement of this matter; (4) the Defendant Northland Group's nineteen (19) affirmative defenses are misleading, blatantly false, and constitute harassment of the Plaintiff; and (5) Northland Group's Answer is unresponsive to the Amended Complaint. ECF Nos. 10, 14. Northland Group argues that its Answer and affirmative defenses meet the pleading standards of the Federal Rules of Civil Procedure. The Court agrees.

Motions to strike pleadings are governed by Federal Rule of Civil Procedure 12(f), which allows the court, "upon motion made by a party . . . or upon the court's own initiative at any time . . . [to strike] from any pleading any insufficient defense or any redundant, immaterial,

---

[1] The Plaintiff has filed stipulations of dismissal with respect to his claims against Mercantile Adjustment Bureau, Asset Acceptance, and Asset Management Pro, which the Court approved, and thus those parties have been terminated as defendants in this civil action.

impertinent, or scandalous matter."[2] Fed. R. Civ. P. 12(f). It is within the trial court's sound discretion to grant or deny a motion to strike a pleading. *Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir. 1909); *Canady v. Erbe Electromedizin GMBH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004); *Tauro v. Baer*, Civil Action No. 08-1545, 2009 WL 2410952, at *1 (W.D. Pa. Aug. 4, 2009). Given their drastic nature as a remedy, motions to strike pleadings are generally disfavored, *Canady*, 307 F. Supp. 2d at 7-8, and a court should only grant a motion to strike a defense where the insufficiency of the defense is readily apparent. *Cippollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Moreover, an affirmative defense is deemed sufficient unless it fails to provide fair notice of the issue to the party served with the defense. *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 902, 903 (E.D. Pa. 2011).

The Court concludes that the Answer filed by Northland Group, and its affirmative defenses stated therein, are pled in a sufficient manner under the Federal Rules of Civil Procedure and relevant precedent. The essence of Plaintiff's arguments is that Northland Group failed to provide factual support for pleading its affirmative defenses. As the district courts within this circuit have discussed in detail, Rule 8(c) requires that a party merely state, rather than show through facts, its affirmative defenses. *Id.* at 901; *see also Romantine v. CH2M Hill Engineers*, Civil Action No. 09-973, 2009 WL 3417469 (W.D. Pa. Oct. 23, 2009); Fed. R. Civ. P. 8(c). Here, although Northland Group's listing of its affirmative defenses is certainly comprehensive and thorough, it provides Plaintiff with notice that it anticipates defending the civil action on those grounds, which can be further examined by the parties through discovery. *Tyco Fire Prods. LP*, 777 F. Supp. 2d at 901. Furthermore, as to the Plaintiff's argument

---

[2] Because the Plaintiff's arguments that counsel for Northland Group filed responsive pleadings for defendants named in the action that they do not represent and that Plaintiff attempted to contact Northland Group on several occasions to attempt settlement of this matter are not proper bases to strike a pleading, the Court need not consider them in the disposition of the pending motion.

3

regarding the unresponsive nature of the Answer filed by Northland Group, it denies each and all of the paragraphs of the Amended Complaint. Under Federal Rule of Civil Procedure 8(b), a party must admit or deny the allegations asserted against it in a complaint. Fed. R. Civ. P. 8(b)(1). If the responding party lacks knowledge or information sufficient to form a belief about the truth or falsity of an allegation, it must so state, which has the effect of denying the allegation. Fed. R. Civ. P. 8(b)(5). Here, Northland Group has either unequivocally denied or denied by lack of sufficient information each paragraph of the Amended Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure. Finally, although the Court is cognizant that Northland Group may have filed its Answer beyond the required time of filing,[3] Plaintiff has made no showing that it has been prejudiced by the Defendant's late filing so much so that striking the Answer is required solely on that basis.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: August 30, 2012

cc: John J. Tauro

---

[3] The Court is without the benefit of information related to the date upon which the Amended Complaint was mailed to Northland Group, which is essential in calculating the proper time to file and serve a responsive pleading under Fed. R. Civ. P. 12(a).